## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

_____
                                        )
ALFREDO F. TORRES                       )        CIVIL ACTION NO.  1:22-cv-453
                                        )
        Plaintiff,                      )
                                        )
        v.                              )
                                        )
ALLEGIANT MANAGEMENT                    )
GROUP, LLC                              )
                                        )
        Defendant.                      )
_____)

## COMPLAINT

### INTRODUCTION

1.      This is an action brought by Alfredo F. Torres alleging that Allegiant Management Group, LLC (hereinafter "Defendant" and/or "Allegiant") violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq and New York Labor ("N.Y.L.L.") laws by failing to pay minimum wage for every hour worked, failing to pay an overtime premium when Plaintiff worked more than forty hours per week, and failing to comply with the record keeping and notice requirements of the N.Y.L.L..

### PARTIES

2.      Plaintiff Alfredo F. Torres is an adult resident of Lockport, New York.  Between 2015 and 2021, Mr. Torres worked as a collector at Allegiant. During the relevant time, he was Defendant's employee as that term is defined in N.Y. Lab. Law and the FLSA.

3.     Defendant Allegiant Management Group LLC, formerly known as Clarion Recovery Services LLC, is a limited liability company doing business in New York. Allegiant is engaged in interstate commerce and employs individuals engaged in interstate commerce and is therefore covered by the FLSA, and they are "employers" as that term is defined under the New York Labor Law.

## JURISDICTION AND VENUE

4.     The Court has original jurisdiction over the FLSA claims asserted in this matter pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331.

5.     The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

6.     Venue in this forum is proper pursuant to 28 U.S.C. §§ 1391(a) and (c), because Defendant conducts business in New York and is subject to personal jurisdiction in this District.

## FACTS

7.     Defendant employs collectors who are provided a list of debtors, called a queue, whom they must contact to set-up payment arrangements for outstanding debt. The Defendant provided collectors goals relating to their work, including the amount of time spent on the phone engaging debtors, also known as "talk time."

8.     The Plaintiff was a collector whose primary responsibility was working his queue and regularly achieved the goals set by the Defendant, including meeting and exceeding the talk time that was required of collectors.

9.     The Plaintiff was paid an hourly rate clocking in and out each workday. As an example of his hourly wages he was paid for 32.10 hours worked the week of September 25, 2021 through October 1, 2021.

10.     Throughout the Plaintiff's employment he worked more than forty hours per week, and he did not receive any overtime premium or additional pay for those hours worked over forty. As an example, the week of July 14, 2018 through July 20, 2018 the Plaintiff worked in excess of forty hours but was only paid for forty hours. The Defendant failed to pay the Plaintiff a minimum wage for the hours worked in excess of forty, as well as an overtime premium for the hours worked in excess of forty. As a further example, the Plaintiff worked an excess of forty hours the week of August 10, 2019 through August 16, 2019 but was only paid for forty hours of work. The Defendant failed to pay the Plaintiff a minimum wage for the hours worked in excess of forty, as well as an overtime premium for the hours worked in excess of forty. Further, the Plaintiff worked an excess of forty hours the week of March 7, 2020 through March 13, 2020 but was only paid for forty hours of work. The Defendant failed to pay the Plaintiff a minimum wage for the hours worked in excess of forty, as well as an overtime premium for the hours worked in excess of forty.

11.     Defendants' violations of New York law and the FLSA described above were willful and undertaken in bad faith, indeed the Plaintiff questioned the Defendant's violations and was told that Allegiant was permitted to not pay him an overtime premium.

## COUNT I
## FAIR LABOR STANDARDS ACT – FAILURE TO PAY OVERTIME WAGES

12.     Plaintiff repeats and realleges each and every allegation above as if restated herein verbatim.

13.     Plaintiff routinely worked in excess of forty (40) hours per workweek for Defendant.

14.     Defendant failed to pay Plaintiff at the rate of one-and-a-half times their regular rate of pay for all hours worked in excess of forty hours weekly as required by the FLSA, 29 U.S.C. § 207.

15.     Plaintiff is entitled to back wages at the rate of one-and-a-half times their regular rate of pay for all overtime hours worked in excess of forty hours per week, pursuant to the FLSA, 29 U.S.C. § 216(b).  The failure of Defendant to compensate Plaintiff for overtime work as required by the FLSA was knowing, willful, intentional, and done in bad faith.

16.     Plaintiff is also entitled to liquidated damages equal to the amount of unpaid overtime compensation due to him under the FLSA, pursuant to the FLSA, 29 U.S.C. § 216(b).

17.     Plaintiff is also entitled to an award of reasonable attorneys' fees and costs incurred in prosecuting this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## FAIR LABOR STANDARDS ACT – FAILURE TO PAY MINIMUM WAGE

18.     Plaintiff repeats and realleges each and every allegation above as if restated herein verbatim.

19.     Plaintiff routinely worked in excess of forty (40) hours per workweek for Defendant.

20.     Defendant failed to pay Plaintiff his customary hourly wage or a minimum wage for the hours worked in excess of forty (40) hours as required by the FLSA, 29 U.S.C. § 206.

21.     Plaintiff is entitled to back wages for hours worked in excess of forty hours per week, pursuant to FLSA, 29 U.S.C. § 216(b).  The failure of Defendant to compensate Plaintiff for hours worked as required by the FLSA was knowing, willful, intentional, and done in bad faith.

22.     Plaintiff is also entitled to liquidated damages equal to the amount of his unpaid customary hourly wage or a minimum wage compensation due to him under the FLSA, pursuant to the FLSA, 29 U.S.C. § 216(b).

23.     Plaintiff is also entitled to an award of reasonable attorneys' fees and costs incurred

in prosecuting this action, pursuant to 29 U.S.C. § 216(b).

## COUNT III
## N.Y. LABOR LAW § 195 - ACCURATE STATEMENT OF WAGES REQUIREMENT VIOLATION

24.     Plaintiff repeats and realleges each and every allegation above as if restated herein verbatim.

25.     Defendant failed to supply Plaintiff with an accurate statement of wages as required by N.Y. Lab. Law § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

26.     Plaintiff is entitled to damages of $250 for each workday that Defendant failed to provide accurate wage statements, or a total of $5,000, as provided for by N.Y. Lab. Law § 198(1-d), reasonable attorneys' fees, costs, and injunctive and declaratory relief.

## COUNT IV
## N.Y. LABOR LAW § 195 - NOTICE OF RATE OF PAY VIOLATION

27.     Plaintiff repeats and realleges each and every allegation above as if restated herein verbatim.

28.     Defendant failed to supply Plaintiff at the time of his hiring or anytime thereafter a notice stating his regularly hourly rate, overtime rate, rate of pay and the basis thereof as required by N.Y. Lab. Law § 195.

29.     Plaintiff is entitled to damages of $50 for each workday that Defendant failed to provide accurate wage statements, or a total of $5,000, as provided for by N.Y. Lab. Law § 198(1-

b), reasonable attorneys' fees, costs, and injunctive and declaratory relief.

## COUNT V
## N.Y. LABOR LAW § 650, et seq. – FAILURE TO PAY OVERTIME WAGES

30.     Plaintiff repeats and realleges each and every allegation above as if restated herein verbatim.

31.     Plaintiff routinely worked in excess of forty (40) hours per workweek for Defendant.

32.     Defendant failed to pay Plaintiff at the rate of one-and-a-half times his regular rate of pay for all hours worked in excess of forty hours weekly as required by New York Labor Law § 650, et seq., including N.Y. LAB. LAW §§ 190, *et seq.* as well as 12 N.Y. COMP. CODES R. & REGS.142-2.1 and 12 N.Y. COMP. CODES R. & REGS.142-2.2.

33.     Plaintiff is entitled to damages of the actual wages not paid, liquidated damages, prejudgment interest, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

## COUNT VI
## N.Y. LABOR LAW § 650, et seq. – FAILURE TO PAY MINIMUM WAGES

34.     Plaintiff repeats and realleges each and every allegation above as if restated herein verbatim.

35.     Plaintiff routinely worked in excess of forty (40) hours per workweek for Defendant.

36.     Defendant failed to pay Plaintiff a minimum wage for the hours worked in excess of forty (40) as required by New York Labor Law § 650, et seq., and the supporting New York State Department of Labor Regulations.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks this honorable Court to enter the following relief:

a.      Damages attributable to Allegiant's statutory violations, as described above;

b.      Statutory liquidated damages, pursuant to New York law and the FLSA;

c.      Attorneys' fees and costs; and

d.      Such other legal and equitable relief as the Court deems just and proper.

DATED: June 13, 2022

ALFREDO F. TORRES,

By their Attorneys,

/s/ Samuel A. Alba, Esq.
Samuel Alba, Esq.
ALBA LAW PLLC
195 Fruitwood Terrace
Williamsville, New York 14221
(716) 800-5840

Harold Lichten, Esq.
Matthew Patton, *pro hac vice anticipated*
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Suite 2000
Boston, MA  02116
(617) 994-5800
hlichten@llrlaw.com
mpatton@llrlaw.com